UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

NEEQ ENTERPRISES, INC.
d/b/a Denny's at 1150 Tubman Highway, and
DENNY'S, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Neeq Enterprises, Inc. doing business as Denny's restaurant at 1150 Tubman Highway and Defendant Denny's, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" who tests certain public accommodations to determine whether they are incompliance with the ADA/ADAAG.

5. Defendant Neeq Enterprises, Inc. (also referenced as "Defendant Neeq Enterprises," "operator," "lessee" or "co-Defendant") is a Florida for profit corporation authorized to transact business in Florida. On information and belief, Defendant Neeq Enterprises is a franchise operator of the Denny's restaurant located at 1150 Tubman Highway, Coral Gables Florida 33146, which is the subject of this action.

6. Defendant Denny's, Inc. (also referenced as "Defendant Denny's Inc.," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation which is the owner of Folio 03-4130-000-0025 which represents commercial real property located at 1150 Tubman Highway, Coral Gables, Florida 33146. Defendant Denny's Inc.'s commercial property is built-out as a Denny's restaurant.

## FACTS

7. On information and belief, at all times material hereto, Defendant Denny's Inc. has leased its 1150 Tubman Highway commercial property to co-Defendant Neeq Enterprises which in turn operated a Denny's franchise restaurant within that leased space.

8. Defendant Neeq Enterprises' franchised Denny's restaurant specializes in breakfast food but also serves meals for lunch and dinner as well as drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Denny's restaurant #9595 which is the subject to this action is also referred to as "Denny's (restaurant)," "Denny's at 1150 Tubman Highway," "restaurant," or "place of public accommodation."

9. Defendant Denny's Inc. is the franchisor of Denny's brand restaurants, which are an American multinational diner style restaurant chain. There are over 1,700 Denny's restaurant locations. Denny's restaurants are operated by Defendant Denny's Inc. and by independent franchisees such as Defendant Neeq Enterprises.

10. As a franchisee operator of a Denny's restaurant open to the public, Defendant Neeq Enterprises is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. As the owner of commercial property which is built out as a Denny's restaurant open to the general public and the corporate franchisor of the Denny's brand restaurant chain, Defendant Denny's Inc. is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. Due to the close proximity of the Denny's restaurant at 1150 Tubman Highway to Plaintiff's home, on October 29, 2021 Plaintiff went to that restaurant with the intent of dining therein and testing the restaurant for compliance with the ADA/ADAAG.

13. On patronizing the restaurant, Plaintiff had difficulty perambulating in his wheelchair to the restaurant entrance due to the non-ADA compliant parking lot. Further, while Plaintiff was dining in the restaurant, he had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility.

14. Due to the inaccessible facilities, Plaintiff has been denied full and equal access by the operator of the restaurant (Defendant Neeq Enterprises) and Defendant Denny's Inc., the owner of the commercial property housing the restaurant.

15. While Plaintiff dined at the Denny's restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16. On information and belief, as a franchise operator of a Denny's restaurant, Defendant Neeq Enterprises is well aware of the need to provide equal access to individuals with disabilities. Defendant Neeq Enterprises' failure to reasonably accommodate individuals with disabilities at its franchised Denny's restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. On information and belief, as the corporate franchisor of the Denny's restaurant chain and as an investor in commercial property built out as a Denny's brand restaurant, Defendant Denny's Inc. is aware of the ADA and the need to provide for equal access within its 1150 Tubman Highway commercial property. Therefore, Defendant Denny's Inc.'s failure to reasonably accommodate individuals with disabilities is/was

willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of the subject Denny's restaurant (Defendant Neeq Enterprises) and by the owner of the commercial property which houses the restaurant (Defendant Denny's Inc.).

19. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

20. Plaintiff is and has been a customer of Denny's restaurants and continues to desire to return to the Denny's restaurant located at 1150 Tubman Highway to dine and/or test the public accommodation for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and suffer discriminationbecuase of the barriers to access which are in violation of the ADA.

21. Any and all requisite notice has been provided.

22. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

23. The ADA was enacted and effective as of July 26, 1990 and ADA legislation

has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

    24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

    25. Prior to the filing of this lawsuit, Plaintiff personally visited the Denny's restaurant at 1150 Tubman Highway in order to dine therein and test the physical facilities. However, Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) he met barriers to access when perambulating from the parking lot into the restaurant and when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

    26. Defendant Neeq Enterprises (operator of the restaurant) and Defendant Denny's Inc. (owner of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject Denny's restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Denny's restaurant located at 1150 Tubman Highway.

28. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

30. Defendant Denny's Inc.'s commercial property which is leased by Defendant Neeq Enterprises and operated as a franchise Denny's restaurant is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner and the lessee/operator are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope due to uneven surface and maintenance.  Failure to provide accessible means of egress from the parking area to the restaurant due to the slope of the parking lot is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section

   403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.  Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.  Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

 ii. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles. Failure to provide pull handles on both sides of the door near the latch is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

 iii. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG.  Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

    iv. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required floor space and maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

    v. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the non-compliant placement of a hand dryer mounted over the rear wall grab bar. The fact that a hand dryer is mounted over the rear wall grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

    vi. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

vii.  As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall which does not have completely wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink/countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

ix.  As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection.  The

          appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

    x.    As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall which does not have completely wrapped bottom sink pipes, so that there is no adequate insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

    xi.    As to Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror outside the stall as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

    xii.    In addition, as Defendant Neeq Enterprises (lessee/operator) and Defendant Denny's Inc. (owner/lessor) (jointly and severally), Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6

states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

31. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the Denny's restaurant at 1150 Tubman Highway accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner Defendant Denny's, Inc. and Defendant Neeq Enterprises, Inc. (franchisee operator of the Denny's restaurant located at 1150 Tubman Highway) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the 1150 Tubman Highway commercial property and the Denny's restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)       The Court award reasonable costs and attorneys fees; and

      e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of November, 2021.

                    Respectfully submitted,

                    */s/ J. Courtney Cunningham*
                    J. Courtney Cunningham, Esq.
                    J. COURTNEY CUNNINGHAM, PLLC
                    FBN: 628166
                    8950 SW 74th Court, Suite 2201
                    Miami, Florida 33156
                    Telephone: 305-351-2014
                    Email: cc@cunninghampllc.com
                    *Counsel for Plaintiff*